UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOIS M. STOCKE,

    Plaintiff,

v().

CITIBANK N.A. *et al.*,

    Defendants.

Case No. 06-cv-4071-JPG

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Citibank N.A's motion for Rule 11 sanctions (Doc. 10). The Court held hearings on this motion on September 29, 2006 and October 30, 2006. For the reasons given at the October 30 hearing, the Court **GRANTS** defendant's motion.

The Court finds that Ms. Stocke filed this action for an improper purpose; namely, to harass Citibank as a result of its attempt to collect a lawful credit card debt in state court. As set forth in Citibank's motion, Ms. Stocke's claims against it had no basis in fact or law. At the hearing, Ms. Stocke admitted that she obtained her complaint from the internet and filed it without inquiring into its merit. Furthermore, she admitted she received Citibank's motion to dismiss along with a copy of Citibank's yet-to-be filed motion for sanctions. Though given fair warning of Citibank's intention to seek sanctions against her, Ms. Stocke did not avail herself of the opportunity to dismiss her case and thereby avoid sanctions within the requisite twenty-one days. F.R.Civ.P. 11(c)(1)(A).

Citibank has shown that the filing of baseless form complaints against it is a problem in many federal districts throughout the country. *E.g, Brown v. Citibank*, No. 5:06-CV-123-FL, slip. op. at 1 (E.D.N.C. Oct. 19, 2006). Though mindful of Ms. Stocke's limited means and her

*pro se* status, the Court finds that the imposition of monetary sanctions is both necessary and appropriate in this case to deter Ms. Stocke and others from filing baseless actions against credit card companies. *See Miller v. United States*, 868 F.2d 236, 242 (7th Cir. 1989) (finding sanctions against *pro se* parties permissible). It is, however, appropriate to take into account her ability to pay any sanction imposed. *See Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994). Given Ms. Stocke's financial status, the Court does not believe an award of attorneys' fees is appropriate in this case. *See id*. The Court believes that a $500.00 sanction is sufficient to serve the purpose of the penalty, yet not so great as to be unreasonable, given her misdeeds. *See Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710-11 (7th Cir. 2001).

## CONCLUSION

The Court **ORDERS** Ms. Stocke to pay the Clerk of Court $500.00. She must pay this amount within 90 days from the entry of this order. Additionally, for the reasons detailed above, the Court **ENJOINS** Ms. Stocke from filing a similar action in this District without first obtaining leave of Court.

**IT IS SO ORDERED.**

**DATED: October 31, 2006**

                                                      s/ J. Phil Gilbert
                                                    J. PHIL GILBERT
                                                    DISTRICT JUDGE